PEOPLE v. FINUCAN.

(Supreme Court, Appellate Division, Second Department. May 29, 1912.)

1. CRIMINAL LAW (§ 996*)—SENTENCE—PLACE OF IMPRISONMENT—CORRECTION.

Laws 1905, c. 173, abolished Kings county penitentiary, and provided that all commitments which might have been made thereto should be made to some penitentiary in the city of New York, Penal Laws (Consol. Laws 1909, c. 40) § 2181, provides that, on conviction of a crime for which the penalty is imprisonment for a term less than one year, the imprisonment must be by confinement in the county jail, and Prison Law (Consol. Laws, c. 43) § 320, empowers boards of county supervisors to agree with the board of a county having a penitentiary therein to keep any person sentenced for a term not less than 60 days, and Code Cr. Proc. § 764, provides for a judgment on appeal without regard to technical errors or defects. Defendant under a valid conviction for assault was sentenced for six months to a penitentiary which did not then exist as a place of detention. Held, in the absence of anything to negative a contract with another county having a penitentiary, that such defect in the certificate of commitment was technical, and that under the Code of Criminal Procedure the County Court had authority to modify the sentence by correcting the technical defect in respect to the place of imprisonment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2544–2546; Dec. Dig. § 996.*]

2. CRIMINAL LAW (§ 260*)—APPEAL—DISCRETION OF LOWER COURT—DISCONTINUANCE BY APPELLANT.

Defendant, after conviction and sentence in the Court of Special Sessions, appealed to the County Court, and was admitted to bail pending the hearing and determination of the appeal, and leave was granted to submit briefs and for a final argument on the merits, and, before time for argument, defendant obtained an order to show cause why he should not be allowed to discontinue the appeal therein, which order was denied, and the sentence modified and affirmed. Held, that the denial of the application to discontinue was within the proper discretion of the County Court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 567–609; Dec. Dig. § 260.*]

Appeal from Nassau County Court.

Thomas Finucan, Jr., was convicted of an assault, and sentenced to imprisonment. From an order of the County Court of Nassau county modifying the sentence, he appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Martin T. Manton, of Brooklyn, for appellant.

Charles N. Wysong, Dist. Atty., of Mineola (Charles T. McCarthy, Asst. Atty., of Mineola, on the brief), for respondents.

CARR, J. On September 18, 1911, an information was filed against the defendant in the Court of Special Sessions, in the county of Nassau, charging him with a violation of section 244 of the Penal Law (Consol. Laws 1909, c. 40), in having committed an assault in the third-degree upon one Mary Benerlein. A warrant was issued for his arrest, and, on being arraigned before the magistrate, he pleaded not guilty, and demanded a jury trial. On the trial the jury rendered a verdict of guilty, and on said verdict the magistrate made a certifi-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cate of conviction, whereby he adjudged that the defendant be imprisoned in the Kings county penitentiary for six months. A commitment was issued directing the imprisonment of the defendant in said Kings county penitentiary, and he was thereupon taken to the New York county penitentiary, and therein imprisoned. He sued out a writ of habeas corpus returnable in New York county on the claim that his detention in the New York county penitentiary was absolutely unlawful. It appears that there was a hearing on this writ of habeas corpus, and that a decision has not been made thereon. In the meantime the defendant appealed to the County Court of Nassau county, and was admitted to bail by said County Court pending the hearing and determination of said appeal. The appeal came on for argument, and the County Court granted leave to the defendant's counsel and the District Attorney to submit briefs, and to have a further and final argument of the merits of the question involved at a later date. The defendant's counsel obtained thereafter permission, by stipulation between himself and the District Attorney, for an extension of time in which the briefs were to be submitted. Before the expiration of the extended time, he obtained an order to show cause from the County Court of Nassau county why he should not be allowed to discontinue the appeal to said court. After a hearing of the motion on the order to show cause it was denied by the County Court, which thereupon proceeded to determine the appeal pending before it, and made an order modifying the judgment of the Court of Special Sessions by directing that the defendant be confined in the New York county penitentiary for a period of six months. From the order and judgment of the County Court the defendant now appeals.

[1] It is urged by the defendant that the Court of Special Sessions in Nassau county was without power to commit him for imprisonment in the Kings county penitentiary. It appears that by chapter 173 of the Laws of 1905 the Kings county penitentiary was abolished, and all the prisoners therein confined were transferred to the New York county penitentiary. It was likewise provided in said act that all commitments thereafter to be made for offenses for which defendants might be committed formerly to the Kings county penitentiary should be made to some other prison or penitentiary in the city of New York. The provisions of this act were confined in their scope to the counties within the city of New York. By section 2181 of the Penal Law it is provided generally that, where a person is convicted of a crime for which the penalty inflicted is imprisonment for a term less than one year, the imprisonment must be inflicted by confinement in the county jail. This, however, is not the only statutory provision on this subject, for by section 320 of the Prison Law (Consol. Laws 1909, c. 43) permission is given to the boards of supervisors of the various counties of this state to enter into agreements with the board of supervisors of a county having a penitentiary therein to receive and keep in such penitentiary any person who may be sentenced to confinement by any court or magistrate in any of said counties for any term not less than 60 days.

Section 2196 of the Penal Law regulates the manner of detention

of prisoners committed to penitentiaries outside of the county in which the prisoner was convicted, where the place of detention is provided for under the provisions of section 320 of the Prison Law. In the case now on appeal there was no question of the validity of the conviction. The defendant, however, assails the validity of the sentence and the commitment, on the ground that it specifies a place of detention which no longer existed under the provisions of law. It seems to us that this defect in the certificate of conviction and in the commitment was but technical. By section 764 of the Code of Criminal Procedure, the County Court of Nassau county, on hearing and determining the appeal taken to it, had authority to modify the judgment of the Court of Special Sessions by correcting the technical defect in relation to the Kings county penitentiary. There is no claim here that there was not a contract between the county of Nassau and the city of New York for the reception and detention of prisoners committed by the Court of Special Sessions in Nassau county, under the provisions of section 320 of the Prison Law.

[2] As has been pointed out in People ex rel. v. Kelly, 97 N. Y. 212, where the conviction itself is valid, any invalidity in the commitment as to the place of detention or the time of imprisonment does not invalidate the conviction and thus entitle the prisoner to his discharge. It is claimed, however, by the appellant that, when the County Court denied him leave to discontinue his appeal to it, he was refused unlawfully such a substantial right as should invalidate the judgment of modification and affirmance subsequently made against him by the County Court. To support this proposition, many authorities are cited in relation to the right of a plaintiff in a civil action to discontinue. The principles applicable are not the same in a criminal case. In a private action the questions involved are between the parties to the action alone, and do not concern the body public. Here the defendant had been admitted to bail by the County Court, and the argument on his appeal heard and decision thereof reserved simply in order to enable the parties to present briefs as to their respective contentions as to the law. When the defendant applied for an order permitting him to discontinue his appeal to the County Court, he stated in his motion papers frankly that his purpose was to withdraw his appeal in order that he might attack on habeas corpus the validity of his commitment. We think that, under such circumstances, the County Court had the discretion to deny such application for leave to discontinue, and that its discretion was exercised properly under the circumstances presented to it.

The judgment of the County Court should therefore be affirmed. All concur.