[No. 29803. Department One. February 23, 1946.]

THE STATE OF WASHINGTON, *on the Relation of William F. Plumb, Plaintiff,* v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Charles W. Greenough, Judge, Respondent.*[1]

[1]Reported in 166 P. (2d) 188.

*Horton Herman,* for plaintiff.

*Leslie M. Carroll* and *Hugh H. Evans,* for respondent.

BEALS, J.—October 15, 1945, William F. Plumb filed in this court his petition (supported by an affidavit) for an alternative writ of certiorari, directed to the Honorable Charles W. Greenough, a judge of the superior court of the state of Washington for Spokane county, requiring the judge to certify to this court a transcript of the record and proceedings

had before him in a cause entitled State of Washington, plaintiff, v. William F. Plumb, defendant, relator contending that, in that action, the court had not proceeded in accordance with the course of common law, and had acted without, and in excess of, the court's jurisdiction. An alternative writ having been issued, the respondent caused to be filed herein a properly certified transcript of the record, and, in due course, the matter was submitted to this court for decision.

The following situation is disclosed by the transcript of the record of the superior court on file in these proceedings:

By an information filed in the superior court for Spokane county September 24, 1945, relator was charged with the crime of incest, the charging portion of the information reading as follows:

"That the said defendant, William F. Plumb, in the County of Spokane, State of Washington, on or about the 26th day of August, 1945, then and there being, did then and there willfully, unlawfully, and feloniously have sexual intercourse with Esther Plumb, a female nearer of kin to the said defendant than second cousin, said Esther Plumb being the daughter of the said defendant, William F. Plumb."

Relator, with his attorney, appeared before the court September 27, 1945, and entered a plea of "guilty as charged," whereupon a judgment of guilty was regularly entered, and relator was sentenced to confinement in the Washington state penitentiary for a term of not more than ten years. No appeal from this judgment and sentence was taken, and relator was imprisoned in the county jail awaiting transfer to the state penitentiary.

Possibly the information above referred to was prepared under the assumption that the statute in force when the crime was committed was Rem. Rev. Stat., § 2455, which reads as follows:

"Whenever any male and female persons, nearer of kin to each other than second cousins, computing by the rules of the civil law, whether of the half or the whole blood, shall have sexual intercourse together, both shall be guilty of incest and punished by imprisonment in the state penitentiary for not more than ten years."

As a matter of fact, this statute had been amended by Laws of 1943, chapter 111, p. 255 (Rem. Supp. 1943, § 2455 [P. P. C. § 113-67]), to read as follows:

"Sexual intercourse between any male and female persons, nearer of kin to each other than second cousins, computing by the rules of civil law, shall constitute the crime of incest and shall be punished as follows:

"(1) When such act is committed by any male or female person upon a child under the age of ten (10) years, such male or female person shall be guilty of incest and be punished by imprisonment in the state penitentiary for life;

"(2) When such act is committed by any male or female person upon a child of ten (10) years and under fifteen (15) years of age, such male or female person shall be guilty of incest and be punished by imprisonment in the state penitentiary for not more than twenty (20) years;

"(3) When such an act is committed by any male or female person upon a child of fifteen (15) years of age and under eighteen (18) years of age, such male or female person shall be guilty of incest and be punished by imprisonment in the state penitentiary for not more than fifteen (15) years;

"(4) When such act is committed by persons eighteen (18) years of age or more, such persons shall both be guilty of incest and be punished by imprisonment in the state penitentiary for not more than ten (10) years."

October 9, 1945, the prosecuting attorney filed a motion to vacate and set aside the plea, judgment, sentence, and commitment. This motion was based upon an affidavit by a deputy prosecuting attorney, in which it was stated that the plea, judgment, sentence, and commitment were void for the reason that the age of the victim was not set forth in the information, and that the sentence imposed was erroneous because of the enactment of chapter 111, p. 255, Laws of 1943, *supra.*

The motion was heard the day it was filed, the relator and his counsel being present, and, as stated by relator's counsel, in his affidavit filed in support of relator's application for certiorari, objecting to the vacation of the judgment. The same day, an order was entered, vacating and setting

aside the plea of guilty, judgment, sentence, and commitment, whereupon a substituted information was immediately filed, charging relator as follows:

"That the said defendant, William F. Plumb, in the County of Spokane, State of Washington, on or about the 26th day of August, 1945, then and there being, did then and there willfully, unlawfully, and feloniously have sexual intercourse with Esther Plumb, a female nearer of kin to the said defendant than second cousin, said Esther Plumb being sixteen years of age and the daughter of the said defendant, William F. Plumb."

It was at this stage of the proceedings that relator applied to this court for the alternative writ of certiorari above referred to.

Apparently it was the contention of the state that the plea of guilty and subsequent proceedings were void, because the age of the victim of the incestuous act was not set forth in the information, and that the sentence imposed, confinement for not more than ten years, was erroneous for the reason that, pursuant to Laws of 1943, chapter 111, p. 255, § 1, subd. (3) (Rem. Supp. 1943, § 2455 (3)), *supra,* the defendant should have been sentenced to confinement for not more than fifteen years.

■ This court has several times, at the instance of persons convicted of crime, considered the matter of the vacation of judgments and sentences alleged to have been void. In these proceedings, the judgment and sentence imposed were attacked by the state. The situation, however, is basically the same whether a judgment and sentence are attacked by the state or by the defendant.

If the judgment and the sentence imposed upon relator were void, then the same may be attacked by motion of either party.

■ We have held that, to be immune from attack, it must appear that, at the time of the entry of a judgment, the court had obtained jurisdiction over the person of the defendant and the subject matter of the proceedings, and that it must also appear that the court was vested with jurisdiction to render the particular judgment which was

signed. The judgment must also pertain to the offense charged, in accordance with the verdict, and be sufficiently definite, certain, and specific to identify the offense involved. *In re Horner,* 19 Wn. (2d) 51, 141 P. (2d) 151; *In re Van Wagner, ante* p. 99, 163 P. (2d) 574; *In re Boggie, ante* p. 102, 163 P. (2d) 575; *In re Clark, ante* p. 105, 163 P. (2d) 577; *In re Rice, ante* p. 118, 163 P. (2d) 583; *In re Behrens, ante* p. 125, 163 P. (2d) 587; *In re Sanford, ante* p. 134, 163 P. (2d) 591.

In the case at bar, it appears from the record:

1. That the judgment was rendered by the superior court having jurisdiction in all criminal cases amounting to a felony, and that the offense, with which relator was charged and to which he pleaded guilty, was a felony; and

2. That the court had acquired jurisdiction of the person of relator, the record showing that relator appeared with his counsel in open court and entered a plea of guilty.

The information to which relator pleaded guilty charged the crime of incest, both under Rem. Rev. Stat., § 2455, *supra,* and Rem. Supp. 1943, § 2455, *supra,* the language establishing and defining the crime being essentially identical in both sections. The latter statute provides for different degrees of punishment (not different degrees of the crime) depending upon the age of the victim. The elder statute, pursuant to which relator was charged, provided for only one punishment, namely, confinement in the penitentiary for not more than ten years, while § 4 of the later statute fixes the same punishment when the "act is committed by persons eighteen (18) years of age or more."

If the judgment of guilty and the sentence imposed upon relator were void, the court properly set them aside. If the judgment and sentence were not void, then the court erred in entering the order vacating the judgment and sentence.

The information to which relator pleaded guilty charged him with a crime. The superior court had jurisdiction of the crime charged and obtained jurisdiction over the person of relator, the judgment showing on its face that relator, with his counsel, appeared in open court and entered

his plea of guilty to the information. The sentence imposed was within the statute, was entirely in accord with the information, and with the 1943 statute if the persons who committed the offense had both been over eighteen years of age. The only occasion which might exist for alleging the age of the victim, in an information charging the commission of the crime of incest, would be in cases where the victim was less than eighteen years of age, in which event an allegation of the age of the victim would be proper in order that, if found guilty, the defendant might be sentenced to confinement for a longer period than ten years. The sentence imposed was not void, but may have been inadequate, if, in fact, the victim, at the time of the commission of the offense, was less than eighteen years of age.

Laws of 1943, chapter 111, p. 255 (Rem. Supp. 1943, § 2455), makes no express provision for finding and determining the age of the victim, in case an information charging incest alleges that the victim was less than eighteen years of age. That matter, however, is not here important.

In 76 A. L. R. 505, note IV, appears the following:

"In regard to sentences which are for a term less than the minimum punishment provided by statute, the rule in most jurisdictions is that, where the punishment imposed is not of a different kind from that which the statute prescribes, the accused is not entitled to a discharge on habeas corpus because of the insufficiency of the punishment imposed."

In neither Rem. Rev. Stat., § 2455, *supra,* nor Rem. Supp. 1943, § 2455, *supra,* is the age of the victim an element of the *crime.* In certain cases, the age of the victim may be made the basis for a different, and longer, sentence. There has been, and is, only one statutory crime of incest.

The case of *Hickman v. Fenton,* 120 Neb. 66, 231 N. W. 510, 70 A. L. R. 819, is of interest in connection with the case at bar. The headnote, written by the court, is as follows:

"Upon a plea of guilty under an information charging a felony, where proceedings thus far are free from error and

where the trial court has jurisdiction of the accused and of the subject-matter of the prosecution, a penitentiary sentence for less than the minimum term prescribed by statute is not void, and after it has been partially served in absence of an appellate review, the trial court is without power to vacate it and impose a greater penalty."

In 44 A. L. R. 1193, following the case of *Emerson v. Boyles,* 170 Ark. 621, 280 S. W. 1005, is an extensive annotation, commencing at p. 1203, wherein the rule is stated as follows:

"It seems to be well established that a trial court is without power to set aside a sentence after the defendant has been committed thereunder, and impose a new or different sentence increasing the punishment, even at the same term at which the original sentence was imposed. A judgment which attempts to do so is void, and the original judgment remains in force."

The annotation in 70 A. L. R. 822, following the opinion of the Nebraska supreme court in *Hickman v. Fenton, supra,* restates the rule above quoted.

The California penal code defines rape as follows (§ 261):

"Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under either of the following circumstances:

"1. Where the female is under the age of eighteen years;

"2. Where she is incapable, through lunacy or other unsoundness of mind, whether temporary or permanent, of giving legal consent; . . ."

Paragraph 2, *supra,* is followed by four paragraphs stating other circumstances under which the crime may be committed.

Section 1157 of the California penal code reads as follows:

"Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty."

In the case of *People v. Sachau,* 78 Cal. App. 702, 248 Pac. 960, is found the following:

"In the case at bar the verdict of the jury is not however defective, in that it does not find the defendant guilty of the crime charged in the information. The crime of rape is not

specifically divided into degrees. . . . The crime of rape may be committed under varying conditions, but it is simply one crime, to wit: rape, not having different degrees set forth in the statute as is done in dividing the crime of robbery. It partakes more of the nature of the crime of grand larceny, which may be committed in various ways, but it is still the crime of grand larceny without degrees, and it has been held that where an information charges the defendant with the crime of grand larceny a verdict of guilty is sufficient."

■ From the record before us, it appears that relator was, by information, charged with the crime of incest, and that the information stated the crime pursuant to Laws of 1943, chapter 111, p. 255 (Rem. Supp. 1943, § 2455); that, having been arraigned, relator, having the benefit of the advice of counsel, entered his plea of guilty to the charge, whereupon the court rendered judgment that relator was guilty as charged, and signed the judgment and sentence above referred to; that thereupon relator was confined in prison, pursuant to the judgment and sentence, and remained in confinement for a definite period of time. Whether or not he was taken to the state penitentiary, is immaterial. He was at least confined, under the sentence, awaiting transportation to the penitentiary.

The judgment and sentence nowise contravened the controlling statute, and were and remain a valid exercise of the court's jurisdiction. The fact that, under the peculiar circumstances of the case, relator might have been sentenced to a longer term of confinement, had certain facts been alleged and proved, does not render the judgment void nor subject to attack.

■ Cases which hold that a judgment may be set aside by the court during the term within which it was rendered are not in point in this jurisdiction, where the superior court is a court of continual session and does not hold terms.

■ Under the facts in the case at bar, the judgment constitutes a final and complete exercise of the court's powers. The term of the sentence was fixed and, no appeal having been taken, the sentence commenced to run from

the date of the judgment. *State ex rel. McCoske v. Kinnear,* 145 Wash. 686, 261 Pac. 795.

■ ██ ██ The superior court lacked jurisdiction to enter the order of October 9, 1945, vacating and setting aside the plea, judgment, sentence, and commitment, which order is before us for review. The remedy by certiorari was available to relator. The order before us for review is accordingly reversed and vacated.

MILLARD, STEINERT, SIMPSON, and JEFFERS, JJ., concur.

[1]Reported in 166 P. (2d) 165.