[No. 30092. Department Two. October 25, 1946.]

*In the Matter of the Application of* FRANK LUCAS *for a Writ of Habeas Corpus.*[1]

*Frank Lucas, pro se.*

*The Attorney General* and *Edward J. Lehan, Assistant,* for respondent.

MILLARD, C. J.—Frank Lucas was found guilty, by a jury June 4, 1945, in the superior court for Franklin county, of the crime of attempted sodomy. On September 17, 1945, he was found by a jury to be an habitual criminal within the meaning of the first paragraph of Rem. Rev. Stat., § 2286

[1] Reported in 173 P. (2d) 774.

[P.P.C. § 112-61], which provides that one adjudged to be an habitual criminal shall be punished by imprisonment in the state penitentiary for not less than ten years.

On October 16, 1945, judgment was entered sentencing Lucas to confinement in the Washington state penitentiary for the period of ten years. On the same day, Lucas was received in the state penitentiary pursuant to that judgment and sentence. Nine days later, the trial court, convinced that the sentence imposed was void for the reason that the statute (Rem. Rev. Stat. (Sup.), § 10249-2 [P.P.C. § 782-5]) requires the court to impose a sentence for a maximum term of not less than twenty years, since the applicable provision of Rem. Rev. Stat., § 2286, fixed a minimum term to be imposed, modified the former judgment by imposing a sentence of confinement in the state penitentiary for a period of not more than twenty years.

On the ground that the sentence of ten years is a legal sentence imposed by a valid judgment, and that the attempted modification of that judgment by the trial court October 25, 1945, is without legal effect, Frank Lucas has filed petition in this court for a writ of *habeas corpus* to correct the second judgment. The attorney general has demurred to the petition on the ground that same fails to state any grounds for issuance of the writ.

 In the absence of a showing of some statutory ground for vacation or modification of a judgment after its rendition and proper entry the trial court is without power to vacate or modify its final judgment. The only statute authorizing the vacation or modification of judgments after their final entry is Rem. Rev. Stat., § 464 [P.P.C. § 71-1]. Among the eight enumerated statutory causes found in that section of the statute for vacation or modification of the judgment, we do not find any authority for the disturbing of the final judgment entered October 16, 1945. Subdivision 3 of Rem. Rev. Stat., § 464, authorizes vacation or modification for mistake, neglect, or omission of the clerk, or irregularity in obtaining the judgment. Plainly, the word "mistake" as employed in the statute does not apply to such

mistake of the judge in pronouncing sentence as was relied upon by the judge for modification of the judgment entered October 16, 1945.

The sentence first imposed is correct. The trial court was without authority to subsequently modify that sentence by the imposition of a greater sentence, hence the last sentence was illegally imposed and cannot be enforced. *State ex rel. Lundin v. Superior Court,* 90 Wash. 299, 155 Pac. 1041. See, also, Church on Habeas Corpus (2d ed.), § 377, to the effect that, in the absence of statutory authority therefor, if one has been convicted of a crime and has been committed to the penitentiary pursuant to a legal sentence, the trial court cannot recall and revoke the sentence and impose a revised and greater one although the punishment imposed by the new sentence is within the limit fixed by law. The first sentence pronounced is legal and should be executed, while the last sentence pronounced is null and void and cannot be enforced.

The judgment entered October 16, 1945, under which petitioner is confined in the state penitentiary is fair upon its face and discloses that the lower court had jurisdiction of the person of the petitioner and of the subject matter of the offense charged. The foregoing is an unanswerable return to the petition for a writ of *habeas corpus,* as it affirmatively appears that petitioner is restrained of his liberty by warrant of law. *In re Grieve,* 22 Wn. (2d) 902, 158 P. (2d) 73.

The demurrer is sustained and petition denied.

SIMPSON, STEINERT, MALLERY, and SCHWELLENBACH, JJ., concur.