[No. 30486. Department One. June 25, 1948.]

*In the Matter of the Application for a Writ of Habeas Corpus of* FRANK LUCAS, *Appellant,* v. TOM SMITH, *as Superintendent of the State Penitentiary, Respondent.*[1]

*Frank Lucas, pro se.*

*The Attorney General* and *Lucile Lomen, Assistant,* for respondent.

SIMPSON, J.—In September, 1947, appellant filed in this court his petition for a writ of *habeas corpus.* Thereafter, the chief justice entered an order to show cause why the writ should not be granted and made it returnable to the superior court for Franklin county.

The state of Washington demurred to the petition upon the grounds that the application and petition did not on their face state any grounds to cause a writ of *habeas corpus* to issue.

A hearing was had on the eighth day of December, 1947, before the superior court, at which time the court sustained the demurrer and made a further order to the following effect: that the clerk of the superior court of Franklin county remove the following instruments from the file

[1]Reported in 195 P. (2d) 131.

in cause No. 988 and file them in cause No. 980: (1) order of the court clearing the record of the judgment of October 25, 1945; (2) sentence fixed by the board of prison terms and paroles; (3) judgment, sentence, and commitment dated October 25, 1945; and (4) judgment, sentence, and commitment dated October 16, 1945. From the order just mentioned, the petitioner has appealed to this court.

The facts involving the trial of petitioner and his sentence to the state penitentiary are contained in *In re Lucas,* 26 Wn. (2d) 289, 173 P. (2d) 774.

It appears from the record that appellant was tried and found guilty before a jury in the superior court for Franklin county on an information filed in cause No. 980. Thereafter, the amended information, which charged him with being an habitual criminal, was placed in another file and given the number 988. To rectify the mistake made in filing, the trial judge in the present case made the order to which we have referred.

It is appellant's contention that the charge of being an habitual criminal was an independent action, and the sentence on the jury's verdict finding him to be an habitual criminal was invalid. The mere fact that the charge of being an habitual criminal was filed and erroneously placed in a jacket other than the one containing the records of the charge of the substantive offense, had nothing whatever to do with the merits of either charge, or either trial. The trial court's action in having the files consolidated was entirely proper. It simply corrected a clerical error.

We find no merit in appellant's contention, and therefore affirm the judgment.

MALLERY, C. J., MILLARD, SCHWELLENBACH, and HILL, JJ., concur.

---

July 24, 1948. Petition for rehearing denied.