[No. 35358. Department One. August 25, 1960.]

*In the Matter of the Application for a Writ of Appeal of* TELFORD H. PERSONS, *Petitioner*, v. THE STATE OF . WASHINGTON, *Respondent.*[1]

*Telford H. Persons, pro se.*

*R. DeWitt Jones*, for respondent.

PER CURIAM.—This is an appeal *in forma pauperis* from an order entered by the Superior Court for Clark county on October 8, 1959, denying appellant's petition for a writ to quash a certain judgment and sentence entered by that court May 2, 1951, or, in the alternative, for a new trial pursuant to RCW 4.72.010 (5).

The judgment and sentence referred to was based on an information filed February 15, 1951, charging appellant as follows:

"That he, the said B. Theodore Persons, did, in the County of Clark, State of Washington, on or about the 26th day of January, 1951, with intent to deprive and defraud, unlawfully make and deliver to another person a check drawn on the Vancouver Branch of the Seattle First National Bank to the order of Darnell Auto Sales Company for the sum of $800.00, for which said check he received an automobile, knowing at the time of delivery that he did not have sufficient funds or credit with said bank to meet said check in full upon its presentation, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington."

Appellant was represented by court-appointed counsel, to whom he was released from custody for the purpose of hos-

[1] Reported in 354 P. (2d) 895.

pitalization. Appellant states in his brief that he was placed under observation in the veterans' hospital at Vancouver. On April 27, 1951, he pleaded guilty to the information.

On May 2, 1951, upon this plea, appellant was found guilty of the crime of grand larceny as charged and was sentenced to imprisonment at the state penitentiary for a maximum term of fifteen years. His name was corrected on the judgment and sentence, and the value of the automobile as being in excess of twenty-five dollars was orally ordered interlined in the information. The words "psychopathic treatment recommended" were inserted in the judgment and sentence above the judge's signature.

On August 9, 1954, the judge who signed the judgment and sentence entered the following order upon the motion of the deputy prosecutor:

"Now, THEREFORE, IT IS HEREBY ORDERED that the following words be interlined on the original complaint, to-wit: (that the value of the property was in excess of $25.00).

"IT IS FURTHER ORDERED that the complaint as corrected and interlined be dated back to the time of arraignment, and filed nunc pro tunc, and it is ordered that the correct name of H. Telford Persons be interlined."

Parenthetically, it is noted that various matters concerning which appellant complains had been previously considered by this court and had been decided adversely to him in connection with three petitions for writs of habeas corpus heretofore filed by him. See causes No. 32232, 32810, and 34482.

As above noted, appellant's petition, which was heard by the trial court and is involved in the present appeal, is allegedly based on RCW 4.72.010(5). We held in *In re McNutt v. Delmore*, 47 Wn. (2d) 563, 288 P. (2d) 848 (1955), that this statute has no application to criminal cases.

The trial court's minutes contain the following entry:

" 'Well, so you will have a record to appeal on—I will deny your motion to vacate or quash the judgment on the basis that I have no authority to do that. I have no evidence before me that shows you were mentally incompetent or insane at the time you entered your plea. I have no evidence here before me to justify a reconsideration, and it is my

understanding of the law that I would not have authority in any event to set aside a judgment that was entered in 1951.' "

The trial court correctly held that it had no authority to grant appellant's petition in this case. Its order denying the petition is hereby affirmed.