[No. 1212-1. Division One—Panel 1. September 11, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. ROY OVILE
WELLS, *Appellant*.

*Barokas, Martin & Richey* and *Jack A. Richey,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Charles J. Covello, Deputy,* for respondent.

CALLOW, J.—The defendant, following conviction of credit card forgery, appealed. Subsequent to the filing of the appeal and the filing of briefs by both parties but prior to oral argument, the defendant moved this court to remand his case to superior court for reconsideration of sentence. Defendant sets forth as grounds in support of his motion that the judge who imposed sentence has retired and another judge has indicated a willingness to consider modification of the sentence. The state resists this motion and contends the appeal should be decided on its merits.

Implicit in the defendant's motion is the request to this court to dismiss his appeal. It would be inconsistent to request a hearing concerning the propriety of a sentence while simultaneously asking for reversal of the conviction upon which the sentence is based. Under CAROA 19, the defendant does not have an absolute right to withdraw his appeal of his own volition where the state resists the motion to dismiss. The rule reads as follows in part:

> After a notice of appeal has been filed but before oral arguments on the merits, the superior court from which the appeal was taken shall have jurisdiction to dismiss the appeal, *upon the filing of a stipulation by all the parties* to the cause asking that the appeal be dismissed.

(Italics ours.)

■ An accused cannot dismiss a criminal appeal as a matter of right. With the exception set forth in CAROA 19, the power to dismiss an appeal lies with the court to which it is taken, and dismissal will not be granted where such would prejudice the rights of the state or the administration of justice. *State v. Collins,* 195 Kan. 695, 408 P.2d 639 (1966); *Pierse v. State,* 386 P.2d 647 (Okla. Crim. App. 1963); *Edmondson v. State,* 379 P.2d 866 (Okla. Crim. App. 1963); *see generally* 22 C.J.S. *Criminal Law* § 397 (1961); 5 Am. Jur. 2d *Appeal and Error* § 920 (1962).

In *Kotz v. United States*, 353 F.2d 312 (8th Cir. 1955), the court denied a motion to withdraw an appeal where it appeared the defendant was acting primarily to clear the way for future motions, *see also People v. Finucan*, 151 App. Div. 92, 27 N.Y. Crim. 442, 135 N.Y.S. 936 (1912); and in *State v. Eskridge*, 58 Wn.2d 546, 364 P.2d 813 (1961), the court granted a motion to dismiss an appeal only because there was "no reason appearing why this motion should not be granted."

A superior court does not have power to review or revise its own final judgment on a motion to modify such judgment. A ground for vacation or modification as set forth in RCW 4.72.010 must be present. *In re Lucas*, 26 Wn.2d 289, 173 P.2d 774 (1946), was overruled by *McNutt v. Delmore*, 47 Wn.2d 563, 288 P.2d 848 (1955), *cert. denied*, 350 U.S. 1002, 100 L. Ed. 866, 76 S. Ct. 550 (1956), the latter case holding that the civil statute for vacation of judgments, RCW 4.72.010, did not apply in criminal cases. However, *State v. Williams*, 51 Wn.2d 182, 316 P.2d 913 (1957), said that a motion to change a plea having been made after judgment and sentence had been entered could only be considered as a motion to vacate a judgment pursuant to RCW 4.72.010, citing *State v. Taft*, 49 Wn.2d 98, 103, 297 P.2d 1116 (1956), and holding that under that statute a judgment may be vacated where there is shown to have been irregularity in obtaining it. The *Williams* case explained *McNutt* by pointing out that it overruled *Lucas* to the extent *Lucas* forbids the correction of a judgment and sentence entered under a misconception of the law. *Williams* further makes it plain that *Taft* recognized that RCW 4.72.010 is applicable to judgments in criminal causes. *See State v. Price*, 59 Wn.2d 788, 790, 370 P.2d 979 (1962).

 The precepts may be restated as follows:

1. A legal error in a judgment and sentence entered in a criminal cause may be corrected by the trial court upon discovery of the error. This does not affect the finality of a correct judgment valid when it was pronounced. *Stiltner v. Rhay*, 258 F. Supp. 487, 491 (E.D. Wash. 1965); *State v.*

*Price, supra; McNutt v. Delmore, supra; Dill v. Cranor,* 39 Wn.2d 444, 235 P.2d 1006 (1951); *State v. Stowers,* 3 Wn. App. 766, 479 P.2d 145 (1970).

2. A correct judgment and sentence entered in a criminal cause is final and may not be reviewed or revised. It may not be vacated or modified except upon a showing establishing one of the causes enumerated in RCW 4.72.010 applicable to criminal proceedings. *State v. Mempa,* 78 Wn.2d 530, 477 P.2d 178 (1970); *State v. Loux,* 69 Wn.2d 855, 420 P.2d 693 (1966), *cert. denied,* 386 U.S. 997, 18 L. Ed. 2d 347, 87 S. Ct. 1319 (1967); *State v. Price, supra; Persons v. State,* 56 Wn.2d 655, 354 P.2d 895 (1960).

3. An application to withdraw a plea of guilty after entry of the judgment and sentence is treated as a motion to vacate the judgment and in addition to establishing one of the causes enumerated under RCW 4.72.010, the defendant must also show a prima facie defense to the charge in order that the trial court may grant the motion. *State v. Mempa, supra; State v. Loux, supra; Persons v. State, supra; State v. Williams, supra; State v. Taft, supra; State v. Roff,* 44 Wn.2d 309, 266 P.2d 1059 (1954).

██ When timely notice of appeal is filed, the trial court loses jurisdiction to vacate or modify its judgment. *Walkow v. Walkow,* 36 Wn.2d 510, 219 P.2d 108 (1950); *State ex rel. Cross v. Superior Court,* 158 Wash. 46, 290 P. 430 (1930). *Tinsley v. Monson & Sons Cattle Co.,* 2 Wn. App. 675, 472 P.2d 546 (1970). Jurisdiction is then vested in the appellate court.

The Court of Appeals acquires jurisdiction of a cause by the timely filing of the notice of appeal under CAROA 15 which reads in part:

> The court of appeals shall acquire jurisdiction of a cause by the filing of a timely notice of appeal to that court . . . Upon acquiring jurisdiction of a cause, the court of appeals shall have control of the superior court . . . The superior court shall retain jurisdiction for the purpose of all proceedings by these rules provided to be had in such court, for the purpose of settlement and certification of the statement of facts, and for all other

purposes as might be directed by order of the court of appeals.

The defendant is not entitled to the dismissal of his appeal which is resisted by the state; no illegality in the judgment entered has been shown; grounds are not established under RCW 4.72.010 which would justify vacating or modifying the judgment; jurisdiction is in the appellate court; and we decline to remand the cause to the trial court under these circumstances. The motion to remand is denied.

█ The appeal itself presents the sole issue of whether the defendant was properly advised of his rights under *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966), prior to making statements while under arrest which were later introduced during the trial. Three police officers testified that the defendant was fully apprised of his rights; and while the defendant testified at the CrR 101.20W hearing that he was not so advised, he admitted that he knew of his rights at the police station. The trial court believed the version of the officers and concluded that the defendant had been properly informed before he made the statements. We have reviewed the record and conclude that the findings of the trial court are supported by substantial evidence and by a preponderance of the evidence. *Lego v. Twomey,* 401 U.S. 992, 30 L. Ed. 2d 618, 92 S. Ct. 619 (1972); *State v. Davis,* 73 Wn.2d 271, 438 P.2d 185 (1968); *State v. Fullen,* 7 Wn. App. 369, 499 P.2d 893 (1972).

We have performed the functions required by *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), and find no error.

The judgment is affirmed. The request of counsel to withdraw is granted. *State v. Borsey,* 6 Wn. App. 482, 494 P.2d 225 (1972).

HOROWITZ, C.J., and WILLIAMS, J., concur.

Petition for rehearing denied October 31, 1972.

Review denied by Supreme Court December 15, 1972.