[Nos. 42561, 42562.    En Banc.    August 2, 1973.]

THE STATE OF WASHINGTON, *Petitioner*, v. HERSEY FRANCIS SAMPSON, *Respondent*.

THE STATE OF WASHINGTON, *Petitioner*, v. GERALD E. MILLER, *Respondent*.

*Christopher T. Bayley, Prosecuting Attorney, Michael P. Ruark, Senior Deputy*, and *Christopher J. Bell* and *Raymond B. Ferguson, Deputies*, for petitioner.

*Hay, Epstein & Fulle*, by *John L. Hay* and *Floyd F. Fulle*, for respondent Sampson.

*Alfieri, Martinez & Pittle* and *Ralph A. Alfieri*, for respondent Miller.

BRACHTENBACH, J.—Since these two criminal cases involve essentially identical issues, they were consolidated on appeal. In separate trials, a jury returned a guilty verdict against each defendant. Defendant Sampson was convicted of second-degree assault; defendant Miller of grand larceny.

In the Sampson case, the trial judge signed a formal judgment and sentence, adjudging and decreeing that the

defendant was guilty of assault in the second degree, in accordance with the jury verdict, and sentencing Sampson to the statutory maximum prison term. That judgment and sentence was signed, and filed in the clerk's office, on June 27, 1972.

On July 25, 1972, Sampson's counsel moved for reconsideration of the judgment and sentence "based upon the files and records and the results of a polygraph examination" conducted 3 days before the date of the motion for reconsideration. The polygraph examination, involving only three questions, was related to the incident out of which the conviction arose. On the same day that the motion for reconsideration was filed, the trial court vacated the original judgment and sentence and signed a second judgment and sentence suspending the prison term with a 3-year probation period.

In the Miller case, the trial judge signed a formal judgment and sentence adjudging and decreeing that the defendant Miller was guilty of grand larceny, in accordance with the jury verdict, and sentencing him to the statutory maximum prison term. That judgment and sentence was signed, and filed in the clerk's office, on July 25, 1972. Without any motion, and on his own volition, on August 3, 1972, the trial judge signed a "corrected" judgment and sentence, having notified counsel of his intention to do so within a day or two of the original judgment and sentence. The "corrected" judgment and sentence suspended the prison term with a 3-year probation period.

The net result in both cases was the change from a prison sentence to a suspended sentence and probation.

By writ of certiorari the state contends that the superior court did not have authority to change its own final judgment absent a ground for vacation or modification under RCW 4.72.010, which statute sets forth various grounds on which the superior court is empowered to vacate or modify an already rendered judgment.

At the outset, we note that there is some confusion in our

decisions as to whether RCW 4.72.010 is even applicable to criminal cases. We said that it was not in *In re McNutt v. Delmore*, 47 Wn.2d 563, 288 P.2d 848 (1955), *cert. denied*, 350 U.S. 1002, 100 L. Ed. 866, 76 S. Ct. 550 (1956). We repeated that conclusion in *In re Persons v. State*, 56 Wn.2d 655, 354 P.2d 895 (1960). Yet a number of cases have held that a motion to withdraw a plea of guilty after judgment and sentence will be treated as a motion to vacate the judgment pursuant to RCW 4.72.010. *State v. Roberts*, 136 Wash. 359, 240 P. 3 (1925); *State v. McKeen*, 186 Wash. 127, 56 P.2d 1026 (1936); *State v. Taft*, 49 Wn.2d 98, 297 P.2d 1116 (1956); *State v. Mempa*, 78 Wn.2d 530, 477 P.2d 178 (1970). Nonetheless, in *State v. Price*, 59 Wn.2d 788, 370 P.2d 979 (1962), we explicitly said that the statutes relative to vacation of judgment apply to both civil and criminal cases. *See also State v. Wells*, 7 Wn. App. 553, 500 P.2d 1012 (1972), for a synopsis of a number of the cited cases.

■ To dispel any remaining uncertainty, we now hold that RCW 4.72.010 is applicable to a motion to modify or vacate a judgment in a criminal proceeding.

However, there is absolutely nothing in this record which discloses any ground upon which the trial court could have vacated the judgments under that statute. In fact, neither defendant moved to vacate.

The defendants argue that the court has the inherent power to modify or vacate its judgment. However, the Washington cases which they rely on are distinguishable. For example, *State v. Jones*, 67 Wn.2d 506, 408 P.2d 247 (1965), simply held that the superior court can correct erroneous recitals in the judgment which are merely formal parts thereof. That is not the issue here and does not sustain defendants' position. In *O'Bryan v. American Inv. & Improvement Co.*, 50 Wash. 371, 97 P. 241 (1908), we held that the court has inherent power to modify its own judgment to make it conform to the judgment actually rendered. There is no contention here that the original judgment and sentence as signed was not then the intent of the trial court and the judgment actually rendered. *State v.*

*Loux,* 69 Wn.2d 855, 420 P.2d 693 (1966), *cert. denied,* 386 U.S. 997, 18 L. Ed. 2d 347, 87 S. Ct. 1319 (1967), does not support defendants' position. It dealt with the correction of an erroneous sentence (not present here) and a change of plea motion.

The Idaho case cited by defendants, *State v. McCoy,* 94 Idaho 236, 486 P.2d 247 (1971), involved a different principle in a 3-to-2 decision where it was held that the court has inherent power to suspend a sentence despite a mandatory minimum jail sentence required by statute. Again, that issue is not present here.

A Wisconsin case, *Hayes v. State,* 46 Wis. 2d 93, 175 N.W.2d 625 (1970), recognizes a division in authority and adopts a minority view allowing such modification. The annotation in 168 A.L.R. 706 (1947), indicates that the great weight of authority denies the power sought by these defendants.

It is the common-law rule that the court does have inherent power to vacate or modify its judgments, but only during the term in which rendered. 1 H. Black, *Judgments* §§ 305, 306 (2d ed. 1902). That rationale is not pertinent in Washington. Our superior courts are in continuous session and do not sit in the framework of terms. RCW 2.08.030. *State ex rel. Plumb v. Superior Court,* 24 Wn.2d 510, 518, 166 P.2d 188 (1946), held that the common-law rule is not applicable in this state due to the lack of a term of court.

Except where there is question as to whether the judgment entered is actually the judgment of the court, as in *O'Bryan v. American Inv. & Improvement Co., supra,* we have expressly held that the power to modify or vacate a judgment is nonexistent absent the showing of one of the statutory grounds:

> That a trial court has no power to vacate or modify its final judgment after the announcement and the proper final entry thereof, in the absence of a showing of some statutory ground for such vacation or modification, has been determined by numerous decisions of this court. [Citing cases.]

*State ex rel. Lundin v. Superior Court,* 90 Wash. 299, 302, 155 P. 1041 (1916). *Accord, State ex rel. McConihe v. Steiner,* 58 Wash. 578, 109 P. 57 (1910); *McCaffrey v. Snapp,* 95 Wash. 202, 163 P. 406 (1917); P. Trautman, *Vacation and Correction of Judgments in Washington,* 35 Wash. L. Rev. 505, 508 (1960).

We have no doubt that the experienced trial judge was guided by what he believed to be the best interests of society and the respective defendants but, having signed and filed the formal judgment and sentence, his authority to vacate or modify was limited to the statutory grounds.

The judgments are reversed and the cases remanded for imposition of the original sentences.

HALE, C.J., FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, and UTTER, JJ., and RUMMEL, J. Pro Tem., concur.