IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30672-1-III |
| | ) | Consolidated with |
| Respondent, | ) | No. 31043-4-III |
| | ) | |
| v. | ) | |
| | ) | |
| MARQUIS JONES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |
| ―――――――――――――― | ) | |
| | ) | |
| In re Personal Restraint Petition of: | ) | |
| | ) | |
| MARQUIS JONES, | ) | |
| | ) | |
| Petitioner. | ) | |

BROWN, J. — Marquis Jones appeals his resentencing, contending his 2001 convictions and firearm sentence enhancements on two counts of attempted first degree robbery violate double jeopardy principles. In a personal restraint petition (PRP), Mr. Jones argues the trial court in 2000 violated CrR 4.1 and deprived him of due process by failing to arraign him on the State's amended information where he did not receive a copy of it and lacked actual notice of its charges. Additionally, Mr. Jones filed a statement of additional grounds for review that attaches evidence supporting his

PRP. We conclude, with respect to his appeal, the trial court did not exercise independent judgment on remand. We conclude his PRP is time barred. Accordingly, we dismiss Mr. Jones's appeal and PRP.

## FACTS

In April 2000, the State charged Mr. Jones with first degree premeditated murder. The trial court arraigned him on the original information. In August 2000, the State filed amended information charging him with first degree felony murder, first degree burglary, first degree robbery, two counts of attempted first degree robbery, and first degree unlawful firearm possession. The amended information alleged he committed the murder, burglary, robbery, and attempted robberies while armed with a firearm. He claims the trial court did not arraign him on the amended information, he did not receive a copy of it, and he lacked actual notice of its charges.

Following a bench trial, the trial court found Mr. Jones guilty of first degree felony murder, first degree burglary, one count of attempted first degree robbery as a lesser included offense, two counts of attempted first degree robbery as charged, and first degree unlawful firearm possession. The court found he committed the murder, burglary, and attempted robberies while armed with a firearm. The court filed his judgment and sentence with the clerk on January 29, 2001 and issued an order correcting his sentence the next day. He timely appealed his convictions while the time for appealing his sentences passed. We affirmed his convictions and our Supreme Court denied review. *State v. Jones*, No. 19909-6-III, 2002 WL 982618, at *1 (Wash.

2

No. 30672-1-III, *consol. with* No. 31043-4-III
*State v. Jones; In re Pers. Restraint of Jones*

Ct. App. May 14, 2002), noted at 111 Wn. App. 1039, *review denied*, 60 P.3d 93. Then, this court issued a mandate terminating review on November 5, 2002.

Between 2004 and 2006, Mr. Jones apparently filed two unsuccessful PRPs based on newly discovered evidence. In September 2010, he filed a PRP with our Supreme Court, arguing his convictions for first degree burglary and one count of attempted first degree robbery as predicates to his first degree felony murder conviction violated double jeopardy principles. The State conceded this argument. Additionally, he challenged his firearm sentence enhancements. A five-justice department of our Supreme Court unanimously accepted the State's concession on his double jeopardy argument but rejected his challenges to his firearm sentence enhancements. Thus, in September 2011, our Supreme Court partly granted Mr. Jones's petition and remanded the matter to the trial court with directions to vacate his convictions for first degree burglary and one count of attempted first degree robbery, and resentence him accordingly.

On remand, the trial court vacated Mr. Jones's convictions for burglary and one count of attempted robbery. The court imposed 429 months' imprisonment with a 120-month firearm sentence enhancement for his felony murder, 96.75 to 120 months' imprisonment with a 72-month firearm sentence enhancement for each of his two counts of attempted robbery, and 116 months' imprisonment for his unlawful firearm possession. The court ordered he serve the felony murder sentence concurrent with the other base sentences but consecutive to the other sentence enhancements, for a

3

total of 693 months' imprisonment. These are the same base sentences and firearm sentence enhancements the court previously imposed for his remaining convictions.

The trial court filed an amended judgment and sentence on February 13, 2012. On February 15, 2012, Mr. Jones moved to vacate all his convictions under CrR 7.8, arguing the trial court in 2000 did not arraign him on the amended information, he did not receive a copy of it, and he lacked actual notice of its charges. He appealed his amended judgment and sentence. The trial court transferred his motion to this court for treatment as a PRP.

## ANALYSIS

### A. Direct Appeal

The issue is whether Mr. Jones's appeal presents reviewable error claims. The State argues we must dismiss his appeal because his new contentions address matters beyond the scope of the trial court's action on remand.

On remand, a trial court may "exercise independent judgment" regarding issues the parties did not raise in earlier appellate review and, where it does so, the decision is subject to later appellate review. RAP 2.5(c)(1) cmt., 86 Wn.2d 1153 (1976); *see State v. Barberio*, 121 Wn.2d 48, 50-51, 846 P.2d 519 (1993). But "a case has no remaining appealable issues where an appellate court issues a mandate reversing one or more counts and affirming the remaining count[s], and where the trial court exercises no discretion on remand as to the remaining final counts." *State v. Kilgore*, 167 Wn.2d 28, 37, 216 P.3d 393 (2009). "Only if the trial court, on remand, exercised its independent

4

No. 30672-1-III, *consol. with* No. 31043-4-III
*State v. Jones*; *In re Pers. Restraint of Jones*

judgment, reviewed and ruled again on such issue does it become an appealable question." *Barberio*, 121 Wn.2d at 50.

Here, the trial court noted our Supreme Court's order required vacating Mr. Jones's convictions for burglary and one count of attempted robbery, and resentencing him on his remaining convictions for felony murder, two counts of attempted robbery, and unlawful firearm possession. First, the court explained his original sentence. Second, the court declined to impose an exceptional sentence downward, though acknowledging Mr. Jones's arguments for doing so. Third, the court declined to modify the firearm sentence enhancements, considering a five-justice department of our Supreme Court had unanimously rejected this portion of his petition. Finally, the court vacated his unlawful convictions and resentenced him to the same base sentences and firearm sentence enhancements it previously imposed for his remaining convictions. But the court did not exercise independent judgment on his remaining convictions. Therefore, his appeal presents no reviewable error claims.

## B. PRP

The issue is whether Mr. Jones's PRP is time barred.[1] The State argues we must dismiss Mr. Jones's petition because he filed it more than one year after his original judgment and sentence became final.

Where a trial court with competent jurisdiction enters a facially valid[2] judgment

---

[1] Considering our analysis below, we do not reach the parties' arguments on whether Mr. Jones's PRP is procedurally barred under RAP 16.4(d) or RCW 10.73.140.
[2] Mr. Jones does not argue the trial court's alleged error rendered his judgment and sentence facially invalid.

5

and sentence, a defendant must collaterally attack the judgment if at all within one year of the date it becomes final. RCW 10.73.090(1). A PRP is a collateral attack. RCW 10.73.090(2). If the defendant does not timely appeal, the judgment becomes final on the date the trial court files it with the clerk. RCW 10.73.090(3)(a). If the defendant timely appeals, the judgment becomes final on the date the appellate court issues a mandate terminating review. RCW 10.73.090(3)(b). But the judgment is not final until both the convictions and sentences are final. *In re Pers. Restraint of Skylstad*, 160 Wn.2d 944, 946, 952, 955, 162 P.3d 413 (2007).

Here, the trial court filed Mr. Jones's original judgment and sentence with the clerk on January 29, 2001 and issued an order correcting his sentence the next day. He timely appealed his convictions while the time for appealing his sentences passed. We affirmed his convictions and our Supreme Court denied review. *Jones*, 2002 WL 982618, at *1. Then, this court issued a mandate terminating review on November 5, 2002. Thus, his convictions and sentences became final on November 5, 2002. *See* RCW 10.73.090(3)(b). But he filed his current PRP nearly 10 years later on February 15, 2012.

Mr. Jones's most recent PRP to our Supreme Court was timely because his double jeopardy argument fit an exception to the one year limit on collateral attacks. *See* RCW 10.73.100(3). But vacating his unlawful convictions and resentencing him did not affect the finality of his remaining convictions. *See supra* Part A; *cf. McNutt v. Delmore*, 47 Wn.2d 563, 565, 288 P.2d 848 (1955), *overruled on other grounds by State v. Sampson*, 82 Wn.2d 663, 513 P.2d 60 (1973); *In re Pers. Restraint of Carle*, 93

6

No. 30672-1-III, *consol. with* No. 31043-4-III
*State v. Jones; In re Pers. Restraint of Jones*

Wn.2d 31, 34, 604 P.2d 1293 (1980); *Kilgore,* 167 Wn.2d at 37. Therefore, his PRP is time barred.

Mr. Jones's appeal and PRP are dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Siddoway, A.C.J.

Kulik, J.

7