[No. 42261.     En Banc.     September 28, 1972.]

THE STATE OF WASHINGTON, *Petitioner,* v. LEYDELL BAKER, *Respondent.*

*Christopher T. Bayley, Prosecuting Attorney,* and *Frederick L. Yeatts, Assistant Chief Criminal Deputy,* for petitioner.

*Carl T. Hultman* and *James Sanders,* for respondent.

UTTER, J.—The state appeals an order deferring execution of the death penalty upon the condition that the defendant be incarcerated for life.

Respondent, Leydell Baker, was convicted by a jury of the crime of first-degree murder. The jury, pursuant to RCW 9.48.030, also returned a special verdict asking that the death penalty be inflicted. The court then deferred imposition of the death penalty on the condition that the defendant be incarcerated for life not subject to parole.

■ The sole issue presented is whether RCW 9.95.200 and .210 which allow a trial court in its discretion to defer imposition of a sentence, can be construed to allow deferral of the death penalty. Subsequent to our hearing this case, the United States Supreme Court decided in *Furman v. Georgia*, 408 U.S. 238, 33 L. Ed. 2d 346, 92 S. Ct. 2726 (1972), that the death penalty, as it is imposed in Georgia and Texas, constitutes cruel and unusual punishment contrary to the eighth amendment to the United States Constitution.

RCW 9.48.030, which sets forth the circumstances and procedures by which the death penalty may be imposed in Washington, is within the holding of *Furman*. The majority in *Furman* consists of five concurring opinions. Of these, three find where the imposition of the death penalty is discretionary, the result has been an arbitrary imposition of the penalty. Inasmuch as RCW 9.48.030 leaves imposition of the penalty to the discretion of the jury, it is within the ambit of *Furman*.

■ The decision in *Furman* has rendered the issue presented here moot since the state is now precluded from any attempt to have the death penalty imposed under the existing statute. The question whether a trial court may defer the death penalty has become academic. This court has repeatedly held it will not pass upon questions which are moot or academic. *Grays Harbor Paper Co. v. Grays Harbor County*, 74 Wn.2d 70, 442 P.2d 967 (1968); *Rosling v. Seattle Bldg. & Constr. Trades Council*, 62 Wn.2d 905, 385

P.2d 29 (1963), *cert. denied,* 376 U.S. 971, 12 L. Ed. 2d 85, 84 S. Ct. 1133 (1964).

We are uncertain what disposition the trial court judge would have made had the decision in *Furman* been prior to the trial. We therefore remand the case to the trial court for resentencing in the light of *Furman v. Georgia, supra.*

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, NEILL, STAFFORD, and WRIGHT, JJ., concur.