[No. 1927-1. Division One. July 23, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN DWIGHT CANADAY, *Appellant*.

*Phil Mahoney,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Patricia G. Harber, Deputy,* for respondent.

HOROWITZ, J.—Defendant appeals from a judgment imposing consecutive sentences of life imprisonment on two counts of first-degree murder, and further appeals a later order purporting to modify the judgment by providing that sentences on four other counts run consecutively to the sentences on the two murder counts.

Defendant was originally charged in a multiple-count information with two counts of first-degree murder (counts 2, 6), one count of attempted rape (count 1), two counts of rape (counts 3, 5), and one count of second-degree assault (count 4). On May 5, 1969, defendant pleaded guilty to count 3 and on May 9, 1969, was sentenced to life imprisonment on that count. On June 10, 1969, the court entered an order declaring defendant to be a sexual psychopath, thereby making him ineligible for parole as required by RCW 9.95.115.

Defendant before trial pleaded guilty to count 4. Upon trial he was convicted on counts 1, 2, 5 and 6. On September 26, 1969, the court, in conformity with a jury finding, imposed a death sentence upon defendant on counts 2 and 6, the first-degree murder counts. At the same time, he imposed sentences on counts 1 (20 years), 4 (10 years),

and 5 (life). The September 26, 1969 order also provided that the death sentences on counts 2 and 6 were to take precedence over the sentences on the other counts, and that the sentences on counts 1, 4 and 5 were to run consecutively. The order made no express provision as to the sequence in which the sentences on counts 1, 3, 4 and 5 should be served.

Defendant appealed the September 26, 1969 judgment and sentence to the state Supreme Court. The court affirmed. *State v. Canaday*, 79 Wn.2d 647, 488 P.2d 1064 (1971). On further appeal the judgment in *State v. Canaday, supra,* was vacated in light of *Furman v. Georgia*, 408 U.S. 238, 33 L. Ed. 2d 346, 92 S. Ct. 2726 (1972), insofar as it left undisturbed the death penalty imposed. The case was remanded to the Supreme Court of Washington for further proceedings. *Canaday v. Washington,* 408 U.S. 940, 33 L. Ed. 2d 764, 92 S. Ct. 2878 (1972). On July 31, 1972, the Supreme Court of Washington issued a similar order to the Superior Court of the State of Washington for King County. On September 7, 1972, defendant appeared in person and by counsel for hearing. The trial court, after hearing, entered an order on sentencing modifying the September 26, 1969 judgment and sentence by eliminating the death penalty on counts 2 and 6,[1] substituting a penalty of life imprisonment on each of these two counts, and providing the sentences should run consecutively.

On September 12, 1972, at the suggestion of the state, the state and defendant, in the presence of his counsel, purported to enter into an oral agreement in open court whereby the state would raise no objection to the court setting aside the order of June 10, 1969 finding defendant to be a sexual psychopath, if defendant would consent to the entry of the order of September 12, 1972 now on appeal. The trial court approved the agreement and entered the

---

[1]*Furman v. Georgia,* 408 U.S. 238, 33 L. Ed. 2d 346, 92 S. Ct. 2726 (1972), has had the effect of invalidating the death sentence penalty in this state. *State v. Braun,* 82 Wn.2d 157, 509 P.2d 742 (1973); *State v. Vidal,* 82 Wn.2d 74, 508 P.2d 158 (1973); *State v. Baker,* 81 Wn.2d 281, 501 P.2d 284 (1972).

order of September 12, 1972. At the same time, the trial judge agreed to set aside the order of June 10, 1969. The September 12, 1972 order reads in part:

> IT IS HEREBY ORDERED that the sentence imposed herein on May 9, 1969 on Count III of the amended information shall run consecutively to the sentences imposed on Counts I, III [*sic*], and V of the amended information on September 26, 1969 and consecutively to the sentences imposed on Counts II and VI of the amended information on September 7, 1972;
>
> IT IS FURTHER ORDERED that the sentences imposed on Counts I, III [*sic*], and V of the amended information on September 26, 1969 shall run consecutively to the sentences imposed on Counts II and VI of the amended information on September 7, 1972;
>
> IT IS FURTHER ORDERED that this order of sentencing be imposed nunc pro tunc as of September 7, 1972.

Defendant appeals both the judgment and sentence dated September 7, 1972 and the order on sentencing dated September 12, 1972. We consider the appeal with respect to each order separately.

 Defendant contends the September 7, 1972 judgment and sentence is erroneous. He argues (1) that the court was without power to impose the life sentences because RCW 9.48.030 requires that punishment in first-degree murder cases be determined by the jury and not by the court; (2) that RCW 9.48.030 was rendered void by the elimination of the death penalty, leaving no penalty for first-degree murder; and (3) if, in the alternative, RCW 9.92.010 is deemed to provide a penalty for first-degree murder, the maximum penalty for first-degree murder that could be imposed pursuant to that statute would be a sentence of 10 years imprisonment. We do not agree. RCW 9.48.030 provides in part:

> Murder in the first degree shall be punishable by imprisonment in the state penitentiary for life, unless the jury shall find that the punishment shall be death;
> . . .

The statute makes it clear that a life sentence is mandatory unless the jury shall find that the punishment shall be

death. The jury's only function is to determine whether the life sentence otherwise imposable should be increased to the sentence of death. If, therefore, the death penalty can no longer be imposed, the life sentence is clearly mandated.

Statutes imposing the death penalty are not uniform and in most cases not the same as RCW 9.48.030. W. Clark & W. Marshall, *Law of Crimes* § 2.00, at 78-80 n.9 (7th ed. 1967). However, even in states which provide for mandatory death sentence in first-degree murder cases, with a provision permitting a life sentence if the jury so recommends, the courts in considering the effect of *Furman v. Georgia, supra,* have imposed a life sentence in lieu of a death sentence. *State v. Preece,* 264 La. 156, 270 So. 2d 850 (1972); *State v. Jones,* 263 La. 1012, 270 So. 2d 489 (1972); *Capler v. State,* 268 So. 2d 338 (Miss. 1972); *State v. Bellue,* 193 S.E.2d 121 (S.C. 1972).

In *Capler v. State, supra,* defendant contended that the Mississippi statute providing for punishment upon conviction for murder was unconstitutional under *Furman v. Georgia, supra,* and that the entire statute must fall. The Mississippi statute provided:

> Every person who shall be convicted of murder shall suffer death, unless the jury rendering the verdict shall fix the punishment at imprisonment in the penitentiary for the life of the convict; . . .

*Capler v. State, supra* at 339. Defendant argued the statute constituted a single scheme which was unconstitutional in part, and because the remainder was not separable, the entire statute must fall, leaving no penalty for murder. Defendant contended, therefore, that he should either be discharged or resentenced under a Mississippi statute that provided punishment for offenses for which a penalty was not elsewhere provided by statute. The argument was similar to that of the defendant in the instant case. The court rejected this argument stating:

> The only infirmity in [the murder penalty statute] is that the harsher penalty of death may not lawfully be imposed. The remaining part of the statute is complete,

and it does not follow that the remaining provision providing for imprisonment in the penitentiary for the life of the defendant must fall. We hold that because of the decision in Furman v. Georgia the death penalty cannot be inflicted; that the remainder of the statute is valid, and the only other punishment for murder is life imprisonment.

*Capler v. State, supra* at 339-40.

■ Defendant next contends the September 12, 1972 order, purporting to modify the September 7, 1972 order by making the prior sentences of May 9, 1969 and September 26, 1969 run consecutively with the life sentences on the two murder counts, was entered without jurisdiction and should be vacated. We agree. The September 12, 1972 order, according to the state, was entered into pursuant to "an agreement in which the state would agree to set aside the order finding the appellant to be a sexual psychopath if the appellant would agree to an order making all of the appellant's convictions run consecutively." If the September 12, 1972 order is a modification of the September 7, 1972 judgment and sentence, the court's power to modify must find its source not in the agreement of the parties, but in the statutes of this state. As stated in *State v. Wells,* 7 Wn. App. 553, 556, 500 P.2d 1012 (1972):

A correct judgment and sentence entered in a criminal cause is final and may not be reviewed or revised. It may not be vacated or modified except upon a showing establishing one of the causes enumerated in RCW 4.72.010 applicable to criminal proceedings.

(Citations omitted.) Consent of the parties, even with court approval, will not suffice. *State v. Loux,* 69 Wn.2d 855, 420 P.2d 693 (1966), *cert. denied,* 386 U.S. 997, 18 L. Ed. 2d 347, 87 S. Ct. 1319 (1967). There is no claim that any modification made was made on any ground enumerated in RCW 4.72.010 applicable to criminal proceedings. Accordingly, the order of September 12, 1972 was entered without jurisdiction and is void.

The order on sentencing dated September 12, 1972 is

reversed with directions to vacate that order. The judgment and sentence of September 7, 1972 is affirmed.

FARRIS and CALLOW, JJ., concur.