[No. 43318. En Banc. April 24, 1975.]

*In the Matter of the Application for a Writ of Habeas Corpus of* JOHN A. PROLL, *Petitioner*, v. CHARLES R. MORRIS, *as Secretary of the Department of Social and Health Services, Respondent.*

*Richard Emery* and *Allen Ressler*, for petitioner.

*Slade Gorton, Attorney General,* and *Nate D. Mannakee, Assistant,* for respondent.

UTTER, J.—In November 1973, John A. Proll pleaded guilty to a charge of first-degree murder committed in the course of a robbery. After making suitable inquiries the court accepted his plea, and the prosecution withdrew several related charges against him. The court then sentenced him to life imprisonment for the murder. Proll now petitions this court for a writ of habeas corpus vacating that sentence, on the grounds that it was imposed without the impaneling of a jury to determine the degree of the murder required by RCW 10.49.010. We deny the writ on the grounds that Proll could not obtain any alteration of his custodial circumstances even if the jury hearing he seeks were held.

A detailed recitation of the facts of this case is not necessary. All the undisputed evidence admitted in the hearing on Proll's guilty plea indicates Proll killed one John Cooley, Jr., in the course of robbing him. Proll admitted this fact in statements he made to the court that sentenced him, and in his guilty plea to a charge which specifically recited that the killing took place in the course of a robbery; he does not deny it now. Rather, his contention here is that the trial court erred in sentencing him without complying with RCW 10.49.010, which provides that when a defendant pleads guilty to murder "a jury shall be impaneled to hear testimony, and determine the degree of murder and the punishment therefor."

If considered, this petition would call into question the continued validity of this statutory provision in light of the invalidation of the death penalty[1] and the promulgation by this court of CrR 6.1(a).[2] But because we find that the

---

[1] *See Furman v. Georgia,* 408 U.S. 238, 33 L. Ed. 2d 346, 92 S. Ct. 2726 (1972); *Canaday v. Washington,* 408 U.S. 940, 33 L. Ed. 2d 764, 92 S. Ct. 2878 (1972); *State v. Baker,* 81 Wn.2d 281, 501 P.2d 284 (1972).

[2] CrR 6.1(a) provides: "Cases required to be tried by jury shall be so tried *unless the defendant files a written waiver of a jury trial, and has consent of the court.*" (Italics ours.)

posture of his case is such that habeas could not provide Proll with the relief he seeks, we decline to reach the merits of his arguments.

■ RCW 9.48.030(3) defines as murder in the first degree any murder committed

Without design to effect death, by a person engaged in the commission of, or in an attempt to commit, or in withdrawing from the scene of, a robbery, rape, burglary, larceny or arson in the first degree; . . .

Where all the evidence in a case shows that a defendant is guilty of first-degree murder if he is guilty of murder at all, a trial court need not instruct on any lesser degree of the crime. *State v. Johnston*, 84 Wn.2d 572, 578, 527 P.2d 1310 (1974); *State v. Much*, 156 Wash. 403, 410, 287 P. 57 (1930). Where the undisputed evidence in a murder case shows the crime to have been committed in the course of a felony enumerated in RCW 9.48.030(3), this rule applies and the trial court will only instruct on the highest degree of the crime. *State v. Biondic*, 47 Wn.2d 593, 288 P.2d 845 (1955); *State v. Whitfield*, 129 Wash. 134, 141, 224 P. 559 (1924). Thus, even if we were to hold that Proll is entitled to have a jury impaneled to redetermine the degree of his guilt, the trial court in that proceeding would instruct the jury that the only verdict they could return would be guilty of first-degree murder and he could gain nothing. Similarly, the sole sentence that could be imposed on him would be a life sentence, the same term he is presently serving. *State v. Canaday*, 9 Wn. App. 393, 512 P.2d 738 (1973).

■ Were the posture of this case otherwise, habeas corpus could be a proper means by which to determine whether a jury trial on the degree of guilt and sentence should have been held. *In re Horner*, 19 Wn.2d 51, 141 P.2d 151 (1943). But to reach the merits of an application for a writ in the circumstances of this case would be to ignore the very essence of habeas corpus itself.

The writ of *habeas corpus* is a high prerogative writ, known to the common law, the great object of which is,

the liberation of those who may be imprisoned without sufficient cause.

*Ex parte Watkins*, 28 U.S. (3 Pet.) 193, 201, 7 L. Ed. 650 (1830). The question on an application for a writ of habeas corpus is the legality of detention, and the remedy where detention is held illegal is release, whether total or partial, absolute or conditional. *See, e.g., Jackson v. Denno*, 378 U.S. 368, 395-96, 12 L. Ed. 2d 908, 84 S. Ct. 1774, 1 A.L.R.3d 1205 (1964); *In re Medley*, 134 U.S. 160, 173-75, 33 L. Ed. 835, 10 S. Ct. 384 (1890); *In re Horner, supra* at 58.

Habeas corpus cannot be used to obtain an advisory opinion (*In re Martinez*, 52 Cal. 2d 808, 814-15, 345 P.2d 449 (1959); *Bailey v. Gallagher*, 75 Wn.2d 260, 266, 450 P.2d 802 (1969)), and the writ will not issue where it can have no effect on the petitioner's custodial status. *Ollison v. Rhay*, 68 Wn.2d 137, 412 P.2d 111 (1966); *In re Hamilton*, 56 Wash. 405, 105 P. 1046 (1909). Even when viewed most expansively

[h]abeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the [petitioned] court has the power to release him. Indeed, it has no other power; it cannot revise the [sentencing] court judgment; it can act only on the body of the petitioner.

*Fay v. Noia*, 372 U.S. 391, 430-31, 9 L. Ed. 2d 837, 83 S. Ct. 822 (1963).

Petitioner Proll seeks neither his liberty nor a change in his confinement status; he asks only for a partial trial and resentencing by a jury. As noted above, this proceeding could not possibly result in his regaining his liberty or a change in the terms or conditions of his sentence. All he could gain from our granting his petition would be the empty formality of a hearing at which the jury would be required to return a verdict and sentence precisely the same as that which he is presently serving. Not even the broadest application of habeas corpus would hold it available to enforce such an empty right, even if such a right exists. The writ can issue only where some change in the

278

custodial circumstances of the petitioner would result. Here there could be no such change. The petition is therefore denied.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, BRACHTENBACH, and HOROWITZ, JJ., concur.