

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP–75,510

### EX PARTE JOHN AVALOS ALBA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### FROM COLLIN COUNTY

MEYERS, J., announced the judgment of the Court and delivered an opinion in which KELLER, P.J., and KEASLER, and HERVEY, JJ., joined. COCHRAN, J., filed a concurring opinion in which WOMACK, J., joined. PRICE, J., filed a dissenting opinion. JOHNSON, J., filed a dissenting opinion in which HOLCOMB, J., joined.

### O P I N I O N

Applicant was found guilty of capital murder and, pursuant to the jury's answers to the special issues, the trial court assessed a sentence of death. In *Alba v. State*, 905 S.W.2d 581 (Tex. Crim. App. 1995), we affirmed the conviction and sentence. Applicant then filed an application for writ of habeas corpus, which we denied. In 2000, the Fifth Circuit reversed Applicant's sentence and remanded the case for a new sentencing

hearing. Based on the second jury's answers to the special issues, Applicant was again sentenced to death. We affirmed the sentence on appeal and again denied habeas relief. Applicant did not raise claims related to the lethal-injection procedure until he filed for federal habeas corpus relief. As a result, the federal district court determined that the claim was unexhausted and ordered Applicant to raise the issue in state court. Accordingly, Applicant filed this subsequent application for writ of habeas corpus, claiming that the chemical protocol used for lethal injection is unconstitutional because it may cause unnecessary pain. We filed and set this case to determine whether a claim that the lethal-injection protocol may violate the constitutional rights of the condemned is cognizable in a writ of habeas corpus under Texas Code of Criminal Procedure Article 11.071.[1] We hold that it is not and dismiss the application.

## ARGUMENTS OF THE PARTIES

Applicant contends that the particular three-drug cocktail currently used by the State of Texas to administer a death sentence by lethal injection conflicts with Article 1, Section 13 of the Texas Constitution, which requires that the death sentence be administered in a manner comporting with the dignity of man, and the Eighth and Fourteenth Amendments of the United States Constitution, which prohibit cruel and unusual punishment.

---

[1]Unless otherwise specified, all references to "Article" refer to Texas Code of Criminal Procedure.

According to Applicant, the drug combination used in the lethal-injection process is unconstitutional because it carries a strong likelihood of creating gratuitous suffering. Applicant states that the first drug administered, sodium thiopental, is a fast-acting barbiturate ordinarily used to induce unconsciousness in a surgical patient for a brief period of time, but the anesthetic benefits of sodium thiopental are neutralized upon administration of the second drug, pancuronium bromide, also known as Pavulon. Additionally, Applicant states that the pancuronium bromide is unnecessary in the lethal injection process and would result in needless pain because it paralyzes the skeletal and voluntary muscles, but has no effect on consciousness or on perception of pain. The second drug serves only to mask the painful effects of the third drug injected, but would not prevent him from experiencing pain while dying. Finally, Applicant argues that the administrators of the injections are untrained in anesthesiology and, therefore, improper and inadequate anesthetization occurs during the execution process.

The State argues that a writ of habeas corpus is not the proper vehicle to seek relief. Since Applicant is not contesting the validity of his conviction or his death sentence, but contends that the manner of proposed execution is unconstitutional, his complaint is not cognizable under Article 11.071. Because the application does not request relief from his conviction or death sentence, rather it seeks only to challenge a circumstance of his conviction, habeas corpus cannot provide a remedy. The State contends that the Legislature granted the authority to determine the specific lethal-

injection process to the Texas Department of Criminal Justice, thereby making it outside the scope of habeas corpus.

The State also argues that Applicant's claims are not yet ripe for consideration because his execution date is not imminent. As a result, the Texas Department of Criminal Justice may plan to use a different concoction, or the constitutionality of the current cocktail may have been resolved when the date of Applicant's execution is scheduled. Additionally, other avenues are available, such as injunction, mandamus, or a civil-rights lawsuit. Finally, because the Texas lethal-injection protocol has been in place, unchanged, since 1982, the factual basis for Applicant's claim is not new. Therefore, the State argues that the requirements for filing an Article 11.071, Section 5, habeas application have not been met because Applicant could have asserted his challenge to the drug mixture in an earlier application.

**ANALYSIS**

An application for a writ of habeas corpus must state a claim that, if true, would entitle the applicant to habeas relief. And, the claim must challenge the judgment against the applicant or seek to change his sentence. As we stated in *Ex Parte Lockett*, 956 S.W.2d 41, 42 (Tex. Crim. App. 1997), the relief sought must request a change of either the fact or the length of confinement. A writ application filed pursuant to Article 11.071 must seek "relief from a judgment imposing a penalty of death." A death-penalty writ application that does not challenge the validity of the underlying judgment and which,

even if meritorious, would not result in immediate relief from a capital-murder conviction or death sentence, is not a proper application for purposes of Article 11.071. *See Ex Parte Kerr*, 64 S.W.3d 414, 419 (Tex. Crim. App. 2002). The issue in *Kerr* was whether a document that was titled a writ application, but that did not attack the conviction or sentence, was sufficient to constitute an initial application that would bar consideration of a subsequent writ under Article 11.071, Section 5. We determined that the initial document did not bar the subsequent writ application because the document did not state a claim seeking relief from the conviction. Here, we are not considering whether the application is sufficient; we are determining whether the relief requested is cognizable in a writ of habeas corpus. While the issue under consideration differs in this case, the determination is the same–in order to be cognizable on habeas, a writ application is required to state a claim that challenges the judgment or the sentence.

Applicant does not claim that he has been subjected to illegal custody or unlawful or unconstitutional restraint. He does not challenge his verdict of guilt or the sentence of death; he merely opposes the specific protocol used to administer the drug combination. A similar issue was raised in *Hill v. McDonough*, 547 U.S. 573 (2006), in which the Supreme Court considered whether a claim challenging the constitutionality of the lethal-injection process had to be raised in an application for writ of habeas corpus or could be raised as a civil-rights action. Because the complaint challenged the particular method that was likely going to be used for execution rather than challenging the death sentence

in general, the Court determined that the challenge could proceed as a civil-rights action rather than in a writ of habeas corpus. While *Hill* determined only that this type of claim did not *have* to be raised on habeas rather than that it *could not* be raised on habeas, the Court's reasoning is instructive. Since the relief sought would not foreclose execution, and the claim does not challenge the sentence of death or seek to establish unlawfulness that would render the conviction or sentence invalid, habeas corpus was not the proper method for raising the claim. The same is true here. Applicant is not requesting relief from his sentence, he is simply challenging a circumstance of his sentence that does not impact the legality of his confinement. Applicant's claim challenges neither the validity of the conviction nor the sentence of death, only the method that may be used to impose the death sentence.

Like the Florida law considered in *Hill*, the specific mixture used for lethal injection is not mandated by statute in Texas. Our Legislature stated in Code of Criminal Procedure Article 43.14 that,

> Whenever the sentence of death is pronounced against a convict, the sentence shall be executed at any time after the hour of 6 p.m. on the day set for the execution, by intravenous injection of a substance or substances in a lethal quantity sufficient to cause death and until such convict is dead, such execution procedure to be determined and supervised by the Director of the institutional division of the Texas Department of Criminal Justice.

Thus, even if the mixture currently used for lethal injection is determined to violate the

Eighth Amendment,[2] Applicant would still not be entitled to release or retrial–he would still be subject to the same sentence, which would be carried out using a different mixture as determined by the Texas Department of Criminal Justice.[3]  Additionally, the three-drug mixture Applicant complains about may not even be used when the date of his execution is set.  Therefore, any consideration of the merits would result in a declaratory judgment and would not result in relief for Applicant.  *See Ex Parte Puckett*, 274 S.W.2d 696, 697 (1954) (stating, "This court is not authorized to enter a declaratory judgment.")  Because Applicant has not raised a claim that, if true, would entitle him to relief, this claim is not cognizable on habeas.

Applicant is essentially asking us to increase the scope of Article 11.071 to include possible future constitutional violations.  We decline to do so.  This goes to the issue of ripeness rather than cognizability.  The function of Article 11.071 is to address violations that have occurred.  This is why a claim challenging the implementation of a death sentence is not ripe on direct appeal.  *See Gallo v. State*, 239 S.W.3d 757, 780 (Tex. Crim. App. 2007).  Habeas corpus serves to remedy existing constitutional violations; it is not for claims that a statute may potentially be applied in a way that may possibly be

---

[2] We note that the Supreme Court recently held in *Baze v. Rees*, 128 S. Ct. 1520 (2008) that the Kentucky lethal-injection procedure, which uses the same three-drug combination as Texas, does not violate the Eighth Amendment.

[3] If the Director chose a method of execution that had been determined to be unconstitutional, such as the dissent's example of the Director choosing to have the Applicant "drawn and quartered," he would be subject to a writ of prohibition.  This example is irrelevant, however, since the statute specifies that the sentence shall be executed by lethal injection.

determined to be unconstitutional in the future. We do not grant habeas corpus relief on an abstract proposition. *See Walker v. Wainwright*, 390 U.S. 335, 336 (1968) (stating, "Whatever its other functions, the great and central office of the writ of habeas corpus is to test the legality of a prisoner's current detention."); *Bailey v. Gallagher*, 75 Wn.2d 260, 265-266 (1969) ("The function of a writ of habeas corpus is to inquire into the legality of the particular restraint being then imposed upon the petitioner. It is not to inquire into the validity of some future restraint that may or may not be imposed.") (citations omitted). However, ripeness is not the issue before us. The issue before us is whether Applicant has raised a claim that is properly considered under Article 11.071. Because Applicant is not complaining about the sentence of death, we hold that Article 11.071 is not the proper avenue for relief.

Finally, Applicant points to our consideration of time-credit claims, out-of-time appeals, and parole-revocation claims as an indication that issues other than those dealing with the legality of the confinement or the sentence are cognizable habeas claims. We disagree. Parole revocation claims deal with the fact of confinement, time-credit claims deal with the duration of the confinement, and both seek release from custody. Out-of-time appeals are requests to lift a procedural bar in order to have heard the merits of the underlying habeas claim, which must challenge the verdict of guilt or the legality of the confinement.

**CONCLUSION**

Applicant has not brought forth any claims attacking the legality of his conviction or sentence and has not raised any issues which, if resolved in his favor, would entitle him to a new trial or a new sentencing hearing.  Therefore, Applicant's claim is not cognizable under Article 11.071.  The application for writ of habeas corpus is dismissed.


Meyers, J.


Delivered: June 9, 2008

Publish