IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,510






EX PARTE JOHN AVALOS ALBA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM COLLIN COUNTY







 Meyers, J., announced the judgment of the Court and delivered an opinion in
which Keller, P.J., and Keasler, and Hervey, JJ., joined. Cochran, J., filed a
concurring opinion in which Womack, J., joined. Price, J., filed a dissenting
opinion. Johnson, J., filed a dissenting opinion in which Holcomb, J., joined. 


O P I N I O N



 Applicant was found guilty of capital murder and, pursuant to the jury's answers to
the special issues, the trial court assessed a sentence of death. In Alba v. State, 905
S.W.2d 581 (Tex. Crim. App. 1995), we affirmed the conviction and sentence. Applicant
then filed an application for writ of habeas corpus, which we denied. In 2000, the Fifth
Circuit reversed Applicant's sentence and remanded the case for a new sentencing
hearing. Based on the second jury's answers to the special issues, Applicant was again
sentenced to death. We affirmed the sentence on appeal and again denied habeas relief. 
Applicant did not raise claims related to the lethal-injection procedure until he filed for
federal habeas corpus relief. As a result, the federal district court determined that the
claim was unexhausted and ordered Applicant to raise the issue in state court. 
Accordingly, Applicant filed this subsequent application for writ of habeas corpus,
claiming that the chemical protocol used for lethal injection is unconstitutional because it
may cause unnecessary pain. We filed and set this case to determine whether a claim that
the lethal-injection protocol may violate the constitutional rights of the condemned is
cognizable in a writ of habeas corpus under Texas Code of Criminal Procedure Article
11.071. (1) We hold that it is not and dismiss the application.

ARGUMENTS OF THE PARTIES

 Applicant contends that the particular three-drug cocktail currently used by the
State of Texas to administer a death sentence by lethal injection conflicts with Article 1,
Section 13 of the Texas Constitution, which requires that the death sentence be
administered in a manner comporting with the dignity of man, and the Eighth and
Fourteenth Amendments of the United States Constitution, which prohibit cruel and
unusual punishment. 

 According to Applicant, the drug combination used in the lethal-injection process
is unconstitutional because it carries a strong likelihood of creating gratuitous suffering. 
Applicant states that the first drug administered, sodium thiopental, is a fast-acting
barbiturate ordinarily used to induce unconsciousness in a surgical patient for a brief
period of time, but the anesthetic benefits of sodium thiopental are neutralized upon
administration of the second drug, pancuronium bromide, also known as Pavulon. 
Additionally, Applicant states that the pancuronium bromide is unnecessary in the lethal
injection process and would result in needless pain because it paralyzes the skeletal and
voluntary muscles, but has no effect on consciousness or on perception of pain. The
second drug serves only to mask the painful effects of the third drug injected, but would 
not prevent him from experiencing pain while dying. Finally, Applicant argues that the
administrators of the injections are untrained in anesthesiology and, therefore, improper
and inadequate anesthetization occurs during the execution process.

 The State argues that a writ of habeas corpus is not the proper vehicle to seek
relief. Since Applicant is not contesting the validity of his conviction or his death
sentence, but contends that the manner of proposed execution is unconstitutional, his
complaint is not cognizable under Article 11.071. Because the application does not 
request relief from his conviction or death sentence, rather it seeks only to challenge a
circumstance of his conviction, habeas corpus cannot provide a remedy. The State
contends that the Legislature granted the authority to determine the specific lethal-injection process to the Texas Department of Criminal Justice, thereby making it outside
the scope of habeas corpus. 

 The State also argues that Applicant's claims are not yet ripe for consideration
because his execution date is not imminent. As a result, the Texas Department of
Criminal Justice may plan to use a different concoction, or the constitutionality of the
current cocktail may have been resolved when the date of Applicant's execution is
scheduled. Additionally, other avenues are available, such as injunction, mandamus, or a
civil-rights lawsuit. Finally, because the Texas lethal-injection protocol has been in place,
unchanged, since 1982, the factual basis for Applicant's claim is not new. Therefore, the
State argues that the requirements for filing an Article 11.071, Section 5, habeas
application have not been met because Applicant could have asserted his challenge to the
drug mixture in an earlier application. ANALYSIS

 An application for a writ of habeas corpus must state a claim that, if true, would
entitle the applicant to habeas relief. And, the claim must challenge the judgment against
the applicant or seek to change his sentence. As we stated in Ex Parte Lockett, 956
S.W.2d 41, 42 (Tex. Crim. App. 1997), the relief sought must request a change of either
the fact or the length of confinement. A writ application filed pursuant to Article 11.071
must seek "relief from a judgment imposing a penalty of death." A death-penalty writ
application that does not challenge the validity of the underlying judgment and which,
even if meritorious, would not result in immediate relief from a capital-murder conviction
or death sentence, is not a proper application for purposes of Article 11.071. See Ex
Parte Kerr, 64 S.W.3d 414, 419 (Tex. Crim. App. 2002). The issue in Kerr was whether
a document that was titled a writ application, but that did not attack the conviction or
sentence, was sufficient to constitute an initial application that would bar consideration of
a subsequent writ under Article 11.071, Section 5. We determined that the initial
document did not bar the subsequent writ application because the document did not state
a claim seeking relief from the conviction. Here, we are not considering whether the
application is sufficient; we are determining whether the relief requested is cognizable in
a writ of habeas corpus. While the issue under consideration differs in this case, the
determination is the same-in order to be cognizable on habeas, a writ application is
required to state a claim that challenges the judgment or the sentence. 

 Applicant does not claim that he has been subjected to illegal custody or unlawful
or unconstitutional restraint. He does not challenge his verdict of guilt or the sentence of
death; he merely opposes the specific protocol used to administer the drug combination. 
A similar issue was raised in Hill v. McDonough, 547 U.S. 573 (2006), in which the
Supreme Court considered whether a claim challenging the constitutionality of the lethal-injection process had to be raised in an application for writ of habeas corpus or could be
raised as a civil-rights action. Because the complaint challenged the particular method
that was likely going to be used for execution rather than challenging the death sentence
in general, the Court determined that the challenge could proceed as a civil-rights action
rather than in a writ of habeas corpus. While Hill determined only that this type of claim
did not have to be raised on habeas rather than that it could not be raised on habeas, the
Court's reasoning is instructive. Since the relief sought would not foreclose execution,
and the claim does not challenge the sentence of death or seek to establish unlawfulness
that would render the conviction or sentence invalid, habeas corpus was not the proper
method for raising the claim. The same is true here. Applicant is not requesting relief
from his sentence, he is simply challenging a circumstance of his sentence that does not
impact the legality of his confinement. Applicant's claim challenges neither the validity
of the conviction nor the sentence of death, only the method that may be used to impose
the death sentence. 

 Like the Florida law considered in Hill, the specific mixture used for lethal
injection is not mandated by statute in Texas. Our Legislature stated in Code of Criminal
Procedure Article 43.14 that, 

 Whenever the sentence of death is pronounced against a convict, the
sentence shall be executed at any time after the hour of 6 p.m. on the day set
for the execution, by intravenous injection of a substance or substances in a
lethal quantity sufficient to cause death and until such convict is dead, such
execution procedure to be determined and supervised by the Director of the
institutional division of the Texas Department of Criminal Justice. 

Thus, even if the mixture currently used for lethal injection is determined to violate the
Eighth Amendment, (2) Applicant would still not be entitled to release or retrial-he would
still be subject to the same sentence, which would be carried out using a different mixture
as determined by the Texas Department of Criminal Justice. (3) Additionally, the three-drug
mixture Applicant complains about may not even be used when the date of his execution
is set. Therefore, any consideration of the merits would result in a declaratory judgment
and would not result in relief for Applicant. See Ex Parte Puckett, 274 S.W.2d 696, 697
(1954) (stating, "This court is not authorized to enter a declaratory judgment.") Because
Applicant has not raised a claim that, if true, would entitle him to relief, this claim is not
cognizable on habeas. 

 Applicant is essentially asking us to increase the scope of Article 11.071 to include
possible future constitutional violations. We decline to do so. This goes to the issue of
ripeness rather than cognizability. The function of Article 11.071 is to address violations
that have occurred. This is why a claim challenging the implementation of a death
sentence is not ripe on direct appeal. See Gallo v. State, 239 S.W.3d 757, 780 (Tex.
Crim. App. 2007). Habeas corpus serves to remedy existing constitutional violations; it is
not for claims that a statute may potentially be applied in a way that may possibly be
determined to be unconstitutional in the future. We do not grant habeas corpus relief on
an abstract proposition. See Walker v. Wainwright, 390 U.S. 335, 336 (1968) (stating,
"Whatever its other functions, the great and central office of the writ of habeas corpus is
to test the legality of a prisoner's current detention."); Bailey v. Gallagher, 75 Wn.2d 260,
265-266 (1969) ("The function of a writ of habeas corpus is to inquire into the legality of
the particular restraint being then imposed upon the petitioner. It is not to inquire into the
validity of some future restraint that may or may not be imposed.") (citations omitted). 
However, ripeness is not the issue before us. The issue before us is whether Applicant
has raised a claim that is properly considered under Article 11.071. Because Applicant is
not complaining about the sentence of death, we hold that Article 11.071 is not the proper
avenue for relief. 

 Finally, Applicant points to our consideration of time-credit claims, out-of-time
appeals, and parole-revocation claims as an indication that issues other than those dealing
with the legality of the confinement or the sentence are cognizable habeas claims. We
disagree. Parole revocation claims deal with the fact of confinement, time-credit claims
deal with the duration of the confinement, and both seek release from custody. Out-of-
time appeals are requests to lift a procedural bar in order to have heard the merits of the
underlying habeas claim, which must challenge the verdict of guilt or the legality of the
confinement.

CONCLUSION

 Applicant has not brought forth any claims attacking the legality of his conviction
or sentence and has not raised any issues which, if resolved in his favor, would entitle him
to a new trial or a new sentencing hearing. Therefore, Applicant's claim is not cognizable
under Article 11.071. The application for writ of habeas corpus is dismissed. 


 Meyers, J.


Delivered: June 9, 2008

Publish

1. Unless otherwise specified, all references to "Article" refer to Texas Code of Criminal
Procedure.
2. We note that the Supreme Court recently held in Baze v. Rees, 128 S. Ct. 1520 (2008)
that the Kentucky lethal-injection procedure, which uses the same three-drug combination as
Texas, does not violate the Eighth Amendment. 
3. If the Director chose a method of execution that had been determined to be
unconstitutional, such as the dissent's example of the Director choosing to have the Applicant
"drawn and quartered," he would be subject to a writ of prohibition. This example is irrelevant,
however, since the statute specifies that the sentence shall be executed by lethal injection.